828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda W. MUELLER, Joyce B. Adams, Ruthann F. Adams,
Jacquelyn H. Binetti, Elaine C. Borkman, Marlene W. Burton,
Veronica J. Clevenger, Barbara B. Dematteo, Susan E. Esders,
Delores E. Fitzpatrick, Shirley T. Foster, Elijah Graham,
Yvonne Y. Hilling, Sharon L. Kulczynski, Marianna B. Lowry,
Sandra J. Pool, Patricia K. Quinlin, Joanne D. Rising,
Herman Siegel, Marguerite H. Sponaugle, Diane K. Stadler,
Angela A. Stark, Glenda L. Sudana, Peggy B. Thompson, Faye
W. Trail, Delores B. Watson, Plaintiff-Appellant,
Pauletta R. Meusel, Plaintiff,
v.
A T & T Technologies, Inc., formerly known as Western
Electric, Inc., Defendant-Appellee.
 No. 87-1545
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1987.
Decided August 21, 1987.
 
 Beth Heifetz (Joel I. Klein, Paul M. Smith, Onek, Klein & Farr, Bertram M. Goldstein, Thomas S. Hood, Goldstein, Weltcher & Associates, on brief), for appellants.
 Leonard Irwin Cohen (Jeffrey Rockman, Frank, Bernstein, Conaway & Goldman, on brief), for Appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and JOE F. ANDERSON, Jr., United States District Judge for the District of South Carolina, Sitting by Designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The plaintiffs in this action were salaried employees working at the AT&T Technologies, Inc. facility located on Broening Highway in Baltimore, Maryland. That plant has been closed and the plaintiffs are now employed either by AT&T Communications, Inc. or by C&P Telephone Company, Inc. The plaintiffs allege that they are entitled to severance benefits pursuant to their union's collective bargaining agreement with AT&T Technologies. The plaintiffs did not receive these severance benefits and they have brought this action under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1984). The district court granted AT&T Technologies' motion for summary judgment on the grounds that the plaintiffs failed to exhaust their available contractual remedies, or, in the alternative, that the plaintiffs' failure to allege any breach of the duty of fair representation by their union barred the action. Agreeing that the plaintiffs failure to allege that the union breached its duty of fair representation is fatal to this action, we affirm.
 
 
 2
 * The plaintiffs in this action were all members of the Point Breeze Salaried Employees Association which entered into a collective bargaining agreement with AT&T Technologies, formerly Western Electric, that was effective between August 7, 1983 and August 9, 1986. In March of 1984, AT&T Technologies announced that the Baltimore plant at which all of the plaintiffs were employed would be closed by the end of the year. A facility closing committee, consisting of representatives from management and each of the unions, was formed, and charged with carrying out the facility closing program described in Article 38 of the collective bargaining agreement. The facility closing committee decided that any employee, who left AT&T Technologies and went to work for another AT&T affiliated company, such as AT&T Communications, or for one of the local telephone companies which was formed during the breakup of AT&T, such as C&P Telephone, and was given credit for his tenure, would not be entitled to any termination allowance under the voluntary layoff procedure. The voluntary layoff procedure was limited to those employees, whose jobs were considered surplus, and they were entitled to the termination allowance. The plaintiffs did not sign up for the voluntary layoff procedure, rather they found jobs with AT&T Communications and with C&P Telephone. Each of the plaintiffs was able to transfer her employment without a break in service and each was able to transfer with her seniority intact.
 
 
 3
 On November 3, 1984, the president of the union delivered a copy of a grievance letter dated August 28, 1984, from 14 former employees to the bargaining agent of AT&T Technologies. Of these 14 former employees, 12 are plaintiffs in the instant action. The letter complained that the signatories had been denied their termination pay in violation of Article 38. The plaintiffs now assert that this letter constituted a grievance. There are 14 other plaintiffs in this action who were not signatories to the August 28 letter. These other plaintiffs claim that they were included in the grievance because they told the Union either directly or indirectly that they wanted to join the grievance. Under the terms of Article 38, a dispute about the termination allowance may not be submitted to arbitration. Only the grievance procedure is available.
 
 
 4
 On June 7, 1985, a meeting took place between the AT&T Technologies bargaining agent and the Union. At this meeting, the bargaining agent stated that the signatories to the August 28 letter were not entitled to the termination pay and this suit followed. The union claims that this meeting constituted the final stage in the grievance procedures, but the district court found otherwise because none of the intermediate steps in the grievance procedure had been taken.
 
 
 5
 AT&T Technologies moved for summary judgment on several grounds. The district court granted the motion upon alternate grounds. The district court held that the plaintiffs had failed to exhaust their administrative remedies because they had not completed the grievance procedure, and it also held that even if the union had exhausted its contractual remedies, the action was still barred because the plaintiffs had failed to allege that the union breached its duty of fair representation. We hold that the district court correctly granted summary judgment on the latter ground, and we need not consider the former ground.
 
 II
 
 6
 The parties to the collective bargaining agreement are the union and AT&T Technologies. Simply stated, the plaintiffs, as individual employees, have no right to individually sue AT&T Technologies under Sec. 301 for alleged breach of this contract unless the Union has breached its duty of fair representation. Vaca v. Sipes, 386 U.S. 171 (1967). The plaintiffs make no claim in this lawsuit that the Union has breached its duty of fair representation, and because of this omission their complaint is fatally flawed.
 
 
 7
 There are cases which hold that where the collective bargaining agreement does not contain either an arbitration clause or a binding grievance procedure an employee may bring a Sec. 301 action against the employer for breach of contract without alleging that the Union breached its duty of fair representation. Smith v. Kerrville Bus Co., Inc., 748 F.2d 1049 (5th Cir. 1984); Safely v. Time Freight, Inc., 307 F.Supp. 319 (W.D.Va. 1969), affm'd. 424 F.2d 1367 (4th Cir. 1970); United Brotherhood of Carpenters and Joiners v. Hensel Felts Construction Co., 376 F.2d 731 (10th Cir. 1967). These cases present the only exception to the general rule. It is a narrow exception, which has no application in the instant case.
 
 
 8
 Under Article 38 of the collective bargaining agreement between AT&T Technologies and the Union, the dispute in question is to be grieved but not arbitrated. The plaintiffs argue that the grievance procedure was never intended to be final; that only arbitration was intended to be final.
 
 
 9
 Article 10 of the collective bargaining agreement contains the grievance procedure. This procedure contains five steps beginning with an informal discussion between a Section Chief and a Union representative and culminating with formal discussions between a team of four Union representatives, led by the Union's Bargaining Agent and a similar management team led by the company's Bargaining Agent. At each level of the procedure the Union has a time limit within which it must take the grievance to the next higher level. If the Union fails to act within these time constraints, Article 10(5) provides that the grievance shall be considered closed.
 
 
 10
 This is similar to the finality provision at issue in Huffman v. Westinghouse Electric Corp., 752 F.2d 1221 (7th Cir. 1985).[1] In that case the employees argued that the finality rule should only apply if there has been a failure to exhaust contractual remedies or a final decision has been reached by arbitration. The court held, however, that the parties were bound by whatever grievance remedies they had negotiated and that there was no requirement that compulsory arbitration be a part of those remedies. The court further held that a decision made pursuant to that grievance procedure was final and binding and would not be subject to judicial review unless it was shown that the union breached its duty of fair representation during the grievance process.
 
 
 11
 We find the reasoning in Huffman to be compelling and directly applicable to the facts of the instant case. Since we hold that the plaintiffs could not institute this action without alleging a breach of the duty of fair representation, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The finality provision reads in pertinent part:
 The Company's reply to a grievance will be considered final at any level of the grievance procedure (local or appeal) and the grievance closed, if written notification to the contrary is not received within thirty (30) days of the date of such reply.
 752 F.2d at 1222.